# SUPREME COURT,

## STATE OF OKLAHOMA.

## NOVEMBER TERM, 1909.

### PRESENT:

MATTHEW J. KANE, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,            } JUSTICES.
JOHN B. TURNER,
R. L. WILLIAMS,

COMBS *et al.* v. MILLER.

No. 208.    Opinion Filed November 9, 1909.

(105 Okla. 322.)

**COSTS—Briefs on Appeal.** The expense incurred by a successful liti-
gant in the Supreme Court for printing briefs required by the
rules is not, in the absence of a statute, or a rule upon the sub-
ject, a proper item of costs to be taxed against the losing party.

(Syllabus by the Court.)

Motion to retax costs.   Denied.

For former opinion, see 24 Okla. 576, 103 Pac. 590.

*I. L. Strange*, for plaintiffs in error.
*B. D. Jordan*, for defendant in error.

DUNN, J.   The question here presented arises on a motion
filed for the purpose of securing an order taxing, as costs in
favor of plaintiffs in error and against the defendant in error,

the expense incurred in the preparation of briefs.  Counsel for movant proceeds on the theory that, inasmuch as the rules of court require briefs to be printed, the expense incurred is a proper and legitimate item of costs.  Our statute on this subject is contained in section 556, art. 22, c. 66 (section 4754), Wilson's Rev. & Ann. St. 1903, which provides that:

"When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceeding, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties."

The foregoing statute is the only rule there is upon the subject.  The expense of printing briefs has never at any time within this jurisdiction been held to be a proper item of costs. Our statute nowhere enumerates it as such, and no rule of this court has ever made this expense a proper charge against an unsuccessful litigant.  If it ever should be made, and held to be a proper charge, in our judgment it should arise upon a statute or rule (conceding that this court would have the power to make such rule), and not upon a declaration in the first instance, as we are here requested to make.

Under these circumstances, the motion is denied.

All the Justices concur.